J-S14021-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| ANDRE STRUM, | |
| Appellant | No. 1375 EDA 2014 |

Appeal from the PCRA Order of April 9, 2014
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0504651-1997

BEFORE: DONOHUE, OLSON AND MUSMANNO, JJ.

MEMORANDUM BY OLSON, J.: **FILED APRIL 01, 2015**

Appellant, Andre Strum, appeals *pro se* from the order entered on April 9, 2014, dismissing his third petition filed under the Post-Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

The PCRA court has ably summarized the relevant facts and procedural posture of this case:

> [Appellant] was found guilty after a jury trial of first degree murder, robbery, possessing an instrument of crime[,] and criminal conspiracy. . . . On July 7, 1998, [Appellant] was sentenced to serve a life sentence for the murder conviction. Concurrent terms of incarceration of five to ten [years'] and four to eight [years'] were imposed on the robbery and conspiracy convictions[,] respectively. [Appellant] [] filed a direct appeal [to the Superior Court] and[,] on November 29, 1999, the Superior Court affirmed [Appellant's] judgment of sentence. [***Commonwealth v. Strum***, 750 A.2d 377 (Pa. Super. 1999) (unpublished memorandum) at 1-7]. Appellant did not thereafter file a petition for allowance of appeal with the Pennsylvania Supreme Court].

[Appellant filed his first PCRA petition] on December 15, 2000, and counsel was appointed to represent him. After an amended petition was filed on [Appellant's] behalf, the PCRA court dismissed the petition on July 10, 2003. The Superior Court affirmed the PCRA court's dismissal on February 17, 2005, and the [Pennsylvania] Supreme Court denied *allocatur* on September 14, 2005. . . . [**Commonwealth v. Strum**, 873 A.2d 772 (Pa. Super. 2005) (unpublished memorandum) at 1-9, *appeal denied*, 882 A.2d 1006 (Pa. 2005)].

[Appellant filed his second PCRA petition on September 29, 2009. The PCRA court dismissed this petition on November 4, 2013; Appellant did not file a notice of appeal from the PCRA court's order].

PCRA Court Opinion, 8/13/14, at 1-2 (internal footnotes omitted).

On December 2, 2013, Appellant filed the current, *pro se* PCRA petition – which Appellant titled "writ of *habeas corpus*." Within this petition, Appellant claimed that he is serving an illegal sentence, as the original sentencing order "contains no statutory authorization for the sentence imposed." Appellant's Third PCRA Petition, 12/2/13, at 4.

On January 7, 2014, the PCRA court provided Appellant with notice that, in 20 days, it intended to dismiss Appellant's PCRA petition without a hearing, as the petition was untimely. PCRA Court Order, 1/7/14, at 1; Pa.R.Crim.P. 907(1). On April 9, 2014, the PCRA court entered an order dismissing Appellant's PCRA petition. PCRA Court Order, 4/9/14, at 1.

Appellant filed a timely notice of appeal and Appellant now raises the following claim:

> Whether the [PCRA] court abused its discretion in dismissing Appellant's petition for writ of *habeas corpus ad subjiciendum*?

Appellant's Brief at 3 (some internal capitalization omitted).

On appeal, Appellant claims that the PCRA court erred in construing his self-styled "petition for a writ of *habeas corpus*" as a PCRA petition. According to Appellant, the PCRA does not encompass his illegal sentencing claim and, therefore, the timeliness requirements of the PCRA do not apply to his petition. Appellant's contention fails and the PCRA court properly dismissed Appellant's patently untimely, serial PCRA petition.

We "review an order granting or denying PCRA relief to determine whether the PCRA court's decision is supported by evidence of record and whether its decision is free from legal error." **Commonwealth v. Liebel**, 825 A.2d 630, 632 (Pa. 2003).

The PCRA "provides for an action by which persons convicted of crimes they did not commit and persons serving illegal sentences may obtain collateral relief." 42 Pa.C.S.A. § 9542. As the statute declares, the PCRA "is the sole means of obtaining collateral relief and encompasses all other common law and statutory remedies . . . including *habeas corpus* and *coram nobis*." **Id.**; **see also Commonwealth v. Ahlborn**, 699 A.2d 718, 721 (Pa. 1997). Thus, under the plain terms of the PCRA, "if the underlying substantive claim is one that could potentially be remedied under the PCRA, that claim is **exclusive to** the PCRA." **Commonwealth v. Pagan**, 864 A.2d 1231, 1233 (Pa. Super. 2004) (emphasis in original).

Within his "petition for a writ of *habeas corpus*" Appellant claims that he is entitled to relief because his sentence is illegal. However, the PCRA undoubtedly encompasses Appellant's claim, as the claim concerns "matters affecting [Appellant's] conviction [or] sentence." **Commonwealth v. Judge**, 916 A.2d 511, 520 (Pa. 2007), *quoting* **Coady v. Vaughn**, 770 A.2d 287, 293 (Pa. 2001) (Castille, J., concurring); **see also** 42 Pa.C.S.A. § 9542 ("[the PCRA] provides for an action by which persons convicted of crimes they did not commit and persons serving illegal sentences may obtain collateral relief").

Appellant's claim thus falls under the rubric of the PCRA and, since the PCRA encompasses Appellant's claim, Appellant "can only find relief under the PCRA's strictures." **Pagan**, 864 A.2d at 1233; **see also Commonwealth v. Jackson**, 30 A.3d 516, 521 (Pa. Super. 2011) ("[petitioner's legality of sentence] claim is cognizable under the PCRA . . . . [Thus, petitioner's] 'motion to correct illegal sentence' is a PCRA petition and cannot be considered under any other common law remedy").

The PCRA contains a jurisdictional time-bar, which is subject to limited statutory exceptions. This time-bar demands that "any PCRA petition, including a second or subsequent petition, [] be filed within one year of the date that the petitioner's judgment of sentence becomes final, unless [the] petitioner pleads [and] proves that one of the [three] exceptions to the timeliness requirement . . . is applicable." **Commonwealth v. McKeever**,

947 A.2d 782, 785 (Pa. Super. 2008); 42 Pa.C.S.A. § 9545(b). Further, since the time-bar implicates the subject matter jurisdiction of our courts, we are required to first determine the timeliness of a petition before we are able to consider any of the underlying claims. *Commonwealth v. Yarris*, 731 A.2d 581, 586 (Pa. 1999). Our Supreme Court has explained:

> the PCRA timeliness requirements are jurisdictional in nature and, accordingly, a PCRA court is precluded from considering untimely PCRA petitions. *See*, *e.g.*, *Commonwealth v. Murray*, 753 A.2d 201, 203 (Pa. 2000) (stating that "given the fact that the PCRA's timeliness requirements are mandatory and jurisdictional in nature, no court may properly disregard or alter them in order to reach the merits of the claims raised in a PCRA petition that is filed in an untimely manner"); *Commonwealth v. Fahy*, 737 A.2d 214, 220 (Pa. 1999) (holding that where a petitioner fails to satisfy the PCRA time requirements, this Court has no jurisdiction to entertain the petition). [The Pennsylvania Supreme Court has] also held that even where the PCRA court does not address the applicability of the PCRA timing mandate, th[e court would] consider the issue *sua sponte*, as it is a threshold question implicating our subject matter jurisdiction and ability to grant the requested relief.

*Commonwealth v. Whitney*, 817 A.2d 473, 475-476 (Pa. 2003).

In the present case, this Court affirmed Appellant's judgment of sentence on November 29, 1999 and Appellant did not thereafter file a petition for allowance of appeal with our Supreme Court. Thus, Appellant's judgment of sentence became final for purposes of the PCRA on December 29, 1999, when the period for seeking review in our Supreme Court expired. 42 Pa.C.S.A. § 9545(b)(3). As Appellant did not file his current petition until December 2, 2013, the current petition is manifestly untimely and the

burden thus fell upon Appellant to plead and prove that one of the enumerated exceptions to the one-year time-bar applied to his case. **See** 42 Pa.C.S.A. § 9545(b)(1); **Commonwealth v. Perrin**, 947 A.2d 1284, 1286 (Pa. Super. 2008) (to properly invoke a statutory exception to the one-year time-bar, the PCRA demands that the petitioner properly plead and prove all required elements of the relied-upon exception).

Here, Appellant did not attempt to plead a valid statutory exception to the PCRA's one-year time-bar. Thus, since Appellant's PCRA petition is manifestly untimely and Appellant did not plead any of the statutory exceptions to the one-year time-bar, our "courts are without jurisdiction to offer [Appellant] any form of relief." **Commonwealth v. Jackson**, 30 A.3d 516, 523 (Pa. Super. 2011). We, therefore, affirm the PCRA court's April 9, 2014 order, dismissing Appellant's PCRA petition without a hearing.

Order affirmed.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/1/2015